[Crim. No. 5310. Second Dist., Div. One. May 3, 1955.]

THE PEOPLE, Respondent, v. CLARENCE CHARLES THOMPSON, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and James D. Loebl, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was charged by information with the violation of section 288a of the Penal Code in Count I and with the violation of section 286 of the Penal Code in Count II. A jury was duly waived. The cause was submitted on the transcript of the preliminary examination. The defendant did not testify. The alleged victim testified. Defendant was adjudged guilty on both counts.

It is contended on appeal that, ''I. The complaining witness was an accomplice and the appellant was convicted upon the uncorroborated testimony of an accomplice.''; ''II. The testimony of the complaining witness was inherently improbable.''; ''III. The court erred in admitting evidence which were conclusions on the part of the complaining witness.''

As recited in respondent's brief,

''On October 9, 1953 Duane Jean Bolley lived at 14103 Gilmore Street in Van Nuys, with his grandmother. At the time of the acts herein alleged he was a spastic, twenty-three years old and partially deaf, who had been to school through the fifth grade. Duane is approximately four feet ten inches tall and weighs about eighty-five pounds. He had known the defendant and appellant Thompson for approximately one year and five months at the time of the trial. Thompson had been married for a little over a year to Duane's aunt, although at the time of the trial, he and his wife were separated.'' It is unnecessary to note the details; the incident was characteristic of such offenses. ■ The law is well settled that whether the victim was an accomplice was a question of fact for the trial judge to determine. That the evidence supports the trial judge's decision in this regard there can be no question.

The record does not support appellant's contention that the testimony of the complaining witness was inherently improbable.

Appellant's third contention relates to testimony that the victim was in fear of defendant. The court's ruling in this regard was not error.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 2, 1955.